**Opinion filed September 29, 2017**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00238-CR

_____

## STEVEN CEASAR URESTI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-39,257**

---

## M E M O R A N D U M   O P I N I O N

Steven Ceasar Uresti was indicted for the offense of murder. The jury acquitted Appellant of murder but convicted him of the lesser included offense of manslaughter. The jury assessed punishment at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. In two issues on appeal, Appellant contends that the trial court erred in admitting a photograph of the

decedent during the guilt/innocence phase and in admitting expert testimony over his hearsay objection during the punishment phase. We affirm.

*Background Facts*

This appeal arises out of a shooting that took place at the Pussycat Lounge in Odessa. Martin Blea Jr. earlier went to Jaguars with his sister Raquel Torres, his brother David Michael Torres, and some friends. They left Jaguars around 2:00 a.m. and went to the Pussycat Lounge. Appellant was also at the lounge with his friends.

Raquel testified that she went to the restroom and that, on her way back, a man grabbed her. She told the man to "chill out," and he punched her in the face, knocking her to the ground. A fight then broke out inside the lounge, and Raquel heard four or five gunshots. She saw somebody lying on the floor in the lounge with blood coming out as she ran outside, but she did not realize who it was. She saw David outside, and he told her that Blea was dead. She then ran back inside and saw that it was her younger brother, Blea, lying on the floor. Raquel identified Appellant as the person who had the gun.

David testified that Appellant had the gun and shot Blea. Additionally, Adriana Ramos, Blea's friend, stated that she saw Appellant shooting a gun in the lounge. A warrant was obtained for Appellant's arrest, and he eventually turned himself in to U.S. Marshals in Midland.

During Raquel's testimony, the State introduced a photograph of Blea in the hospital following the shooting. The photograph showed Blea lying dead on a hospital bed. Appellant objected to the admission of the photograph under Rule 403, asserting that the photograph was unfairly prejudicial because of its graphic nature. *See* TEX. R. EVID. 403. The trial court overruled the objection and allowed the photograph to be admitted.

During the punishment phase of trial, Sergeant Scottie Smith of the Odessa Police Department testified that Appellant was a member of the Latin Kings, a street gang. Smith stated that his opinion was based on what he had been told regarding Appellant's documentation as a gang member in Midland, statements from Appellant's ex-family members regarding his gang affiliation, and Appellant's tattoos. Appellant objected to the portion of Smith's testimony regarding what he had been told, arguing that it was based on hearsay. The State responded that, as an expert, Smith was permitted to rely on hearsay. The trial court overruled Appellant's objection.

*Analysis*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).

In his first issue, Appellant contends that the trial court erred in admitting a photograph of the decedent over his Rule 403 objection. Appellant asserts that the photograph was introduced to inflame the jury's passion and that any probative value was substantially outweighed by the danger of unfair prejudice.

Under Rule 403, relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of . . . unfair prejudice." Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial. *Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). The admissibility of a photograph is within the sound discretion of the trial court. *Sonnier v. State*, 913 S.W.2d 511, 518 (Tex. Crim. App. 1995). A court may consider many factors in determining whether the probative value of a photograph is substantially outweighed by the danger of unfair prejudice. *Hayes*, 85 S.W.3d at

815.  "These factors include: the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or in black and white, whether they are close-up, and whether the body depicted is clothed or naked."  *Id.*  A trial court does not err merely because it admits gruesome photographs into evidence.  *Sonnier*, 913 S.W.3d 519; *Luna v. State*, 264 S.W.3d 821, 829 (Tex. App.—Eastland 2008, no pet.).

The State acknowledges that the single photograph at issue is large and in color.  The photo reveals the condition of Blea's body at the time he was identified by Raquel.  While there is blood in the photo, it is not unduly bloody or gruesome.  The photo shows only the injuries that Blea received and is not more gruesome than would be expected.  *See Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).  Blea is clothed from the waist down, and the photo does not provide a close-up perspective of his wounds.  The photo essentially depicts Blea's appearance shortly after he was pronounced dead.

To the extent Blea's body appears bloody in the photograph, this condition was the direct result of Appellant's actions.  "[W]hen the power of the visible evidence emanates from nothing more than what the defendant has himself done[,] we cannot hold that the trial court has abused its discretion merely because it admitted the evidence."  *Sonnier*, 913 S.W.2d at 519.  Based on the foregoing, we find that the trial court did not abuse its discretion in admitting the photograph over Appellant's Rule 403 objection.

Moreover, any alleged error in the trial court's admission of the photograph was harmless.  As noted by the State, similar photographs, which depicted Blea during his autopsy, were admitted without objection during the pathologist's testimony.  Specifically, State's Exhibit Nos. 106, 107, and 108 show Blea's face and upper torso, including a close-up of the bullet's entry point on the side of his face.  It is well established that "erroneously admitted evidence 'will not result in

4

reversal when other such evidence was received without objection, either before or after the complained-of ruling.'" *Coble*, 330 S.W.3d at 282 (quoting *Leday v. State*, 993 S.W.2d 713, 718 (Tex. Crim. App. 1998)); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010). We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred in overruling his hearsay objection to Sergeant Smith's testimony regarding what others had told him about Appellant being a member of the Latin Kings. Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d); *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

The State relies on Rule 703 of the Texas Rules of Evidence to assert that Sergeant Smith was permitted to base his opinion on the information he had been told even if it constituted inadmissible hearsay because the information was of a type reasonably relied upon by experts in the field. *See* TEX. R. EVID. 703. There was no testimony from Sergeant Smith about this evidence being the type relied upon by gang experts. We note, however, that other courts have determined that hearsay evidence of this type has been relied upon by gang experts. *See Burks v. State*, No. 04-01-00041-CR, 2002 WL 1758292, at *5–6 (Tex. App.—San Antonio July 31, 2002, no pet.) (not designated for publication) (permitting drug enforcement agent to testify about defendant's gang affiliation based on information received from his investigation and from "an informant, some prison inmates, and other police officers").

Even if we assume that the trial court erred in overruling Appellant's objection, the error was harmless. The violation of an evidentiary rule that results in the erroneous admission of evidence constitutes nonconstitutional error. *See* TEX. R. APP. P. 44.2(b); *Geuder v. State*, 142 S.W.3d 372, 376 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). As nonconstitutional error, we must review the

erroneous admission under Rule 44.2(b). *See Campos v. State*, 317 S.W.3d 768, 779 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (the erroneous admission of a hearsay statement constitutes nonconstitutional error). When an appellate court applies Rule 44.2(b), it must disregard a nonconstitutional error unless the error affects the appellant's substantial rights. *Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011). An appellate court should not overturn a criminal conviction for nonconstitutional error "if the appellate court, *after examining the record as a whole*, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Id.* (quoting *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001)).

Sergeant Smith testified that he based his opinion on a number of sources. In addition to the information he was told regarding Appellant's gang affiliation, Sergeant Smith also relied on photographs of Appellant's tattoos, photographs of Appellant with a handkerchief with Latin Kings colors, and photographs of Appellant making Latin Kings hand signs. This testimony "supplied sound evidence of [Appellant's] gang membership." *Garcia v. State*, 239 S.W.3d 862, 867 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). Accordingly, we have fair assurance that any error concerning what Sergeant Smith had been told about Appellant's gang affiliation did not influence the jury or only influenced the jury slightly.

Furthermore, the challenged portion of Sergeant Smith's testimony was corroborated by two other witnesses. Officer Matt Sedillo of the Midland Police Department testified that Appellant was documented as a gang member in the Midland Police Department's gang database. Also, the mother of Appellant's child testified that Appellant was a member of a gang. Consequently, any alleged error in the admission of Sergeant Smith's statement was harmless because the same evidence was later admitted. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


September 29, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.